11-3951                                                                          BIA
Weng v. Holder                                                          A093 397 441

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of August, two thousand twelve.

PRESENT:
DENNIS JACOBS,
*Chief Judge,*
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

JIAN MING WENG,
*Petitioner,*

v.                                                    11-3951
                                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          David X. Feng, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Blair O'Connor,
                         Assistant Director; Jane T.
                         Schaffner, Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Ming Weng, a native and citizen of the People's Republic of China, seeks review of a September 7, 2011, decision of the BIA denying his motion to reopen. *In re Jian Ming Weng*, No. A093 397 441 (B.I.A. Sept. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Weng argues that he established his *prima facie* eligibility for asylum, withholding of removal, or relief under the Convention Against Torture ("CAT") by showing that the Chinese government was aware of his membership in, and activities in support of, the China Democracy Party ("CDP") in the United States. We find no abuse of discretion in the BIA's denial of reopening.

Weng did not join the CDP until after he left China and did not allege past persecution on account of his political activities. So in order to demonstrate his *prima facie* eligibility for relief, he was required to show that there was a realistic chance that Chinese authorities were either

2

aware or likely to become aware of his activities with the CDP. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008). To make this showing, Weng submitted a letter from his father, in which his father asserted that local police came to his home and told him they were aware that Weng had joined the CDP. The BIA reasonably concluded that this evidence was inadequate to establish that Chinese authorities were aware or likely to become aware of Weng's CDP activities because he did not contest the agency's prior adverse credibility determination, and the evidence submitted was not meaningfully authenticated. *See Kaur*, 413 F.3d at 234 (petitioner's evidence submitted with a motion to reopen was not material because it did not rebut a prior adverse credibility determination); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

As the BIA reasonably concluded that Weng's motion to reopen failed to establish his *prima facie* eligibility for asylum, withholding of removal, and CAT relief, it did not abuse its discretion in denying his motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

3

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk